**December 29, 2015**

In re Sheri Speer, No. 3:15-cv-1677 (RNC)

**ORDER of dismissal.**

    Bankruptcy debtor Sheri Speer, proceeding pro se, seeks to appeal an order of the Bankruptcy Court denying her motion to dismiss the adversary proceeding brought by Seaport Capital Partners, LLC.  Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals "from *final* judgments, orders, and decrees" of the bankruptcy courts.  Id. (emphasis added).  "It is well-settled that denial of a motion to dismiss a complaint in an adversary proceeding is an interlocutory order."  In re Aquatic Dev. Grp., Inc., 196 B.R. 666, 669 (N.D.N.Y. 1996).  Thus, the Court does not have jurisdiction over this appeal under § 158(a)(1).

    Under 28 U.S.C. § 158(a)(3), a district court can grant leave to appeal an interlocutory order.  "[L]eave [to appeal] should be granted only if the order (1) 'involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  In re Enron Corp., 316 B.R. 767, 771-72 (S.D.N.Y. 2004) (quoting 28 U.S.C. § 1292(b)).  The movant must also demonstrate "exceptional circumstances" that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  In re Enron Corp., No. 01-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006) (internal quotation marks and citations omitted).

    Ms. Speer argues that the issue on appeal is whether a "shotgun pleading" is permissible under Federal Rule of Civil Procedure 8.  However, this argument misses the mark.  The issue is not truly whether such a pleading is permissible but whether Seaport's adversary complaint in fact constitutes such a pleading.  In addition, Ms. Speer has not identified the existence of a "substantial ground for difference of opinion."  It seems well established that "shotgun pleadings" are problematic.  See, e.g., Frantz v. Walled, 513 F. App'x 815, 820 (11th Cir. 2013) ("This Court has repeatedly condemned shotgun pleadings.").  Finally, Ms. Speer has failed to show the existence of extraordinary circumstances.  For these reasons, the Court cannot exercise jurisdiction under § 158(a)(3).

Accordingly, the appeal is hereby dismissed.  The Clerk is directed to close the case.

So ordered.

                                                         /s/  RNC
                                           Robert N. Chatigny
                                  United States District Judge